IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| RYAN GERARD WALLACE, #1835438 | § § § | |
| Petitioner, | § § | |
| v. | § § | No. 3:22-cv-01796-L (BT) |
| THE STATE OF TEXAS, | § § § | |
| Respondent. | § § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Ryan Gerard Wallace, a state prisoner, submitted a *pro se* filing attacking a state conviction, which the Court construes as a petition for a writ of habeas corpus under 28 U.S.C. § 2254. *See Carson v. Johnson*, 112 F.3d 818, 820 (5th Cir. 1997) (stating that a petition for writ of habeas corpus permits a petitioner to seek immediate or earlier release from custody). For the following reasons, the Court should transfer Wallace's petition to the Fifth Circuit Court of Appeals as successive.

I.

Wallace was convicted of sexual assault of a child in Dallas County, Texas, on January 5, 2007. *State v. Wallace*, Case No. F10-73110-R); https://www.dallascounty.org/criminalBackgroundSearch/defendant_detail?ln=07 (last visited Sep. 2, 2022); *see also Ryan Gerard Wallace v. Lorie Davis*, Case No. 3:19-cv-2524-K-BN, ECF No. 13 (N.D. Tex.). That same day,

Wallace was sentenced to life imprisonment. *Wallace*, Case No. 3:19-cv-2524-K-BN, ECF No. 13.

On August 29, 2019, Wallace filed his first petition for a writ of habeas corpus in this Court. *Id.* The United States magistrate judge recommended that the petition be dismissed with prejudice as time barred. *Id.* On February 5, 2020, the District Court adopted the magistrate judge's findings, conclusions, and recommendation, dismissed the petition with prejudice, and denied a certificate of appealability. *Id.*, ECF Nos. 16-18.

In the current petition, Wallace appears to argue that the Court should "vacate [his] void judgement, due to illegal restraint of liberty [sic] fundamental error." Pet. 1 (ECF No. 3). He further argues that "slavery was abolished and the slave labels given to those people [sic] term property." *Id.* 3. Wallace contends that when slavery was abolished by the Thirteenth Amendment, slave labels were also abolished. *Id.* 4. He further contends that "[t]he trial court committed fundamental errors on two seperate [sic] occasions." *Id.* 5. Wallace suggests that the trial court lacked subject-matter jurisdiction over him. *Id.* 6. He concludes that the Court should "vacate the judgment." *Id.* 7.

II.

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) limits the circumstances under which a state prisoner may file a second or successive application for habeas relief in federal court. ANTITERRORISM AND

2

EFFECTIVE DEATH PENALTY ACT, Publ. L. 104-132, 110 Stat. 1214 (1996). To raise a claim in a second or successive § 2254 petition, a prisoner must show: (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable fact finder would have found him guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court. *See* 28 U.S.C. § 2244(b)(2). Before a petitioner files a successive petition in the District Court, a three-judge panel of the Fifth Circuit must determine whether he makes the requisite prima facie showing. *See* 28 U.S.C. § 2244(b)(3)(A) and (B).

A petition is deemed successive when it raises a claim that was or could have been raised in an earlier petition, or otherwise is an abuse of writ. *Hardemon v. Quarterman*, 516 F.3d 272, 275 (5th Cir. 2008). However, a second petition is not successive when the first petition was dismissed due to prematurity or for lack of exhaustion. *Stewart v. Martinez-Villareal*, 523 U.S. 637, 643-46 (1998). This is so because "dismissal of a first habeas petition for technical procedural reasons would bar the prisoner from ever obtaining federal habeas review." *Id.* at 645.

Wallace's first petition was dismissed with prejudice as time-barred, and that was an adjudication on the merits. *See In re Flowers*, 595 F.3d 204, 205 (5th Cir. 2009) (per curiam) (finding a second petition to be successive where the first petition was dismissed as time barred) (citing *In re Cain*, 137

3

F.3d 234, 235 (5th Cir. 1998)). Wallace's new claims should have and could have been addressed in his first petition. Wallace fails to demonstrate that his claims were not available to him at that time he filed his first petition in August 2019. *See Hardemon*, 516 F.3d at 275. Rather, it appears the alleged errors Wallace raises in his petition were previously known to him. For example, he argues that the trial court lacked subject matter jurisdiction. But he provides no indication any jurisdictional claim was not available to him when he filed his first petition.

In sum, Wallace raises claims that could have and should have been addressed in his initial petition. Therefore, the pending petition is successive. The Fifth Circuit has not issued an order authorizing this Court to consider Wallace's successive petition. Wallace must obtain such an order before he may file another petition for habeas relief under § 2254.

III.

The Court should TRANSFER Wallace's petition for a writ of habeas corpus to the United States Court of Appeals for the Fifth Circuit pursuant to *In re Epps*, 127 F.3d 364, 365 (5th Cir. 1997).

**SO RECOMMENDED**

Signed September 2, 2022.

_____
REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

4

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).